IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

NO.  2:23-CR-069-Z (08)

LUCAS PAUL BLANKE (08)

## FACTUAL RESUME

In support of Lucas Paul Blanke's plea of guilty to the offense in Count Six of the indictment, Blanke, the defendant, Bethany Stephens, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Six of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Fentanyl, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*     That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact fentanyl; and

*Third.*     That the defendant possessed the substance with the intent to distribute it.

## STIPULATED FACTS

1.      On or about March 16, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, Lucas Paul Blanke, defendant, did knowingly and

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

**Lucas Paul Blanke**
**Factual Resume—Page 1**

intentionally possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      March 16, 2023, Amarillo Police Department (APD) narcotics officers conducted surveillance at the residence of Katherine Valencia-Morales, located at 3616 S. Milam Street, Amarillo, Texas. During the surveillance, officers observed a Toyota Tundra arrived at the residence and left a short time later. The vehicle was followed to the Sonic restaurant located at 3600 S. Washington Street, Amarillo, Texas. Officers observed the driver and sole occupant of the vehicle slumped over and drooling. Officers conducted a welfare check on the driver, who was identified as Lucas Paul Blanke.

3.      While speaking to Blanke, officers observed drug paraphernalia in plain view inside the vehicle. Blanke was placed under arrest for possession of drug paraphernalia. During a search incident to arrest, officers located $1,185 and a baggie of M-30 fentanyl pills in Blanke's pants pockets. Blanke also had tin foil in his back pocket that contained two additional M-30 pills.

4.      Officers conducted a probable cause search of Blanke's truck. During the search, officers located a baggie containing a white powdery substance believed to be fentanyl weighing 17.8 gross grams, a baggie of brown powdery substance believed to be fentanyl weighing 20.7 gross grams, a baggie of blue M-30 fentanyl pills weighing 33.82 net grams (306 pills), and a Smith & Wesson, 9mm handgun, serial number HUX2763.

5.      Officers conducted an interview with Blanke and read him his *Miranda* warnings. Blanke waived his rights and agreed to make a statement. During the

interview, Blanke admitted to possession of the M-30 pills and the brown and white powder, which he admitted was all fentanyl. Blanke stated that he had been receiving the fentanyl pills in Albuquerque, New Mexico and distributing them in Amarillo, Texas. He also claimed ownership of the handgun stating that he hoped not to get robbed. Blanke admitted to making ten trips to Albuquerque, New Mexico to obtain fentanyl that he brought back to Amarillo to sell. He stated that he obtained 1,000 pills and two ounces of powder fentanyl on his most recent trip.

6.      A search warrant was obtained for Blanke's cellphone. During a search of the phone, officers located messages indicating that Blanke was distributing fentanyl to several people in Amarillo, Texas.

7.      The suspected fentanyl was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the pills and powdered fentanyl were, in fact, fentanyl, a Schedule II controlled substance. The pills had a total net weight of 2.09 grams. The powdered fentanyl had a total net weight of 20.6 grams. This amount of fentanyl is consistent with distribution, as opposed to personal use.

8.      Blanke admits that he knowingly possessed with intent to distribute a controlled substance, namely fentanyl, a Schedule II controlled substance.

9.      The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Six of the indictment.

Lucas Paul Blanke
Factual Resume—Page 3

AGREED TO AND STIPULATED on this 12th day of January , 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Lucas Paul Blanke
Defendant

_____
Bethany Stephens
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov