IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.                                          NO.  2:23-CR-069-Z (09)

ELESAIO BEN GUZMAN MAESTAS (09)

## FACTUAL RESUME

In support of Elesaio Ben Guzman Maestas' plea of guilty to the offense in Count Seven of the indictment, Maestas, the defendant, Morgan Howard, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Seven of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Possession with Intent to Distribute Fentanyl, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.*    That the defendant knowingly possessed a controlled substance;

*Second.*   That the substance was in fact fentanyl; and

*Third.*    That the defendant possessed the substance with the intent to distribute it.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2019).

**Elesaio Ben Guzman Maestas**
**Factual Resume—Page 1**

## STIPULATED FACTS

1.      On or about April 18, 2023, in the Amarillo Division of the Northern District of Texas, and elsewhere, Elesaio Ben Guzman Maestas, defendant, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2.      On April 18, 2023, Amarillo Police Department (APD) officers learned that Elesaio Ben Guzman Maestas was traveling back to Amarillo from Colorado Springs, Colorado. During surveillance on Highway 87, officers observed a white 2017 Dodge Caravan traveling towards Amarillo. Officers identified Maestas as the driver. Officers conducted a traffic stop of the van in Potter County, Texas, just north of Amarillo. Maestas was placed under arrest for an outstanding state arrest warrant. The right front passenger was identified as Kylie Nicole James and the backseat passenger was identified as Katherine Valencia-Morales. During the stop, officers observed tin foil with black marks consistent with fentanyl use sitting in Valencia-Morales' purse.

3.      Officers conducted a probable cause search of the vehicle. The vehicle belonged to Maestas, who had the key to the vehicle and the glove box. Officers noticed that the glove box was locked. Using the key, officers opened the glove box and located a zippered case that was locked with a combination lock. Upon opening the case, officers located two baggies containing blue M-30 pills. The baggies had a gross weight of 213.5 gross grams. Officers also located a pink container in James' purse that contained 2.242

Elesaio Ben Guzman Maestas
Factual Resume—Page 2

net grams of fentanyl pills. Officers seized a cell phone from both James and Valencia-Morales.

4.    Officers conducted an interview with Valencia-Morales. An officer read Valencia-Morales her *Miranda* warnings. Valencia-Morales waived her rights and agreed to make a statement. During the interview, Valencia-Morales stated that James asked her to travel to Colorado. Valencia-Morales stated she knew the purpose of the trip was to pick up drugs.

5.    Officers also conducted an interview with Kylie James. An officer read James her *Miranda* warnings. James waived her rights and agreed to make a statement. James stated that this was her second trip to Colorado with Maestas. James explained that they could get fentanyl pills in Colorado for $2 to $3 a pill and sell them in Amarillo for $12 to $15 per pill. James stated that on the first trip she received 20 to 30 pills from Maestas for going. James admitted that she had been purchasing 10 pills a day from Maestas for the past three weeks. James stated that she invited Valencia-Morales on the trip, and told her that Valencia-Morales could purchase some pills for a cheap price. James stated that she observed Maestas lock the pills in the glove box during the trip. James stated that Maestas distributed fentanyl pills directly to Valencia-Morales on previous occasions in Amarillo, Texas.

6.    James gave consent for a search of her cell phone. During a review of the phone, officers located evidence that James was distributing fentanyl pills to several individuals. Officers also located many text messages showing that James was purchasing fentanyl pills from Maestas.

Elesaio Ben Guzman Maestas
Factual Resume—Page 3

7.      The suspected fentanyl located in the glovebox was sent to the DEA South Central Laboratory.  The DEA Laboratory confirmed that the substance was, in fact, fentanyl, a Schedule II controlled substance.  The pills had a total net weight of 210.13 grams.  This amount of fentanyl is consistent with distribution, as opposed to personal use.

8.      Maestas admits that he knowingly possessed with intent to distribute a controlled substance, namely fentanyl, a Schedule II controlled substance.

9.      The defendant agrees that the defendant committed all the essential elements of the offense.  This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case.  The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Seven of the indictment.

AGREED TO AND STIPULATED on this 16th day of February, 2024.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

_____
Elesaio Ben Guzman Maestas
Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel:  806-324-2356
Fax:  806-324-2399
Email:  anna.bell@usdoj.gov

_____
Morgan Howard
Attorney for Defendant

Elesaio Ben Guzman Maestas
Factual Resume—Page 4